## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

NICHOLAS A. GEORGE, on behalf
of himself and those similarly situated,

        Plaintiff,

v.

                                                         Case No. 16-2450-JTM

CHEX SYSTEMS, INC.,

        Defendant.

### MEMORANDUM AND ORDER

This is an action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. Before the court is defendant Chex Systems, Inc.'s motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 11. For the reasons stated below, the court grants the motion.

**I.      Factual Allegations**

On March 13, 2015, plaintiff Nicholas George filed a Voluntary Petition for bankruptcy relief under Chapter 7 of the bankruptcy code. On June 15, 2015, the bankruptcy court granted George a discharge on his debts, including his debt to Academy Bank for overdraft fees.

In September 2015, George applied to open a checking account with Mission Bank. On September 24, 2015, Mission Bank sent George a letter that denied his application to open an account and indicated the denial was based in whole or in part on a consumer report obtained from Chex (the "Report").

On or about February 6, 2016, George procured a copy of the Report, which indicated, in pertinent part:

```
                          Reported Information
Reported Information refers to reports of accounts that have been mishandled, reported for cause,
and/or outstanding debts. Reported Information is submitted directly to ChexSystems by members
of our service which consists mainly of financial institutions. Our current practice is to retain this
information for a period of five years.
SSN/ID indicates a Social Security number, Individual Taxpayer Identification number, Tax ID
number, or Employer ID number.
```

Source Of Information : ACADEMY BANK A DIV OF ARMED FORCES
                       12801 KANSAS AVENUE
                       BONNER SPRINGS, KS 66012
                       866.868.9141
Reported Name : NICHOLAS A GEORGE
Reported Address :

Reported SSN/ID :
Driver's License Number :
State of Issuance :
RTN :                Account : XXXXXX2139
Date Reported : 07/11/2011
Reported For : NON-SUFFICIENT FUNDS(NSF) ACTIVITY
Original Charge Off Amount : $546.59
Closure Status : NOT REPORTED

On June 21, 2016, George filed suit, individually and on behalf of all others similarly situated, against Chex for willfully and negligently violating § 1681e(b) of the FRCA (Count I and II, respectively). Plaintiff essentially takes issue with Chex's failure to have a procedure in place to check whether a reported debt was the subject of a bankruptcy discharge as of the date of the report. Complaint, ¶ 43-44. Plaintiff alleges that Chex knew, or should have known, that it had a legal obligation to check the Public Access to Court Electronic Records (PACER) and report that the Academy Bank debt was discharged in bankruptcy and had a zero balance, to assure maximum possible accuracy. *Id.* at ¶ 45-50. Chex now moves to dismiss.

## II.     Legal Standard

Rule 12(b)(6) allows dismissal of a complaint only where it appears that the facts alleged fail to state a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (clarifying and affirming *Twombly's* probability standard).

Complaints containing no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" may not survive a motion to dismiss. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). The court must assume that all allegations in the complaint are true. *Twombly*, 550 U.S. at 589. "The issue in resolving a motion such as this is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. If the court does review materials beyond the pleadings, it generally must convert the motion to a Rule 56 motion for summary judgment. Fed. R. Civ. P. 12(d); *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384-85 (10th Cir. 1997). However, the court may consider documents which are referred to in the complaint if they are central to the plaintiff's claim and the parties do not dispute their authenticity, such as the Report in this case. *Alvarado v. KOB–TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007); *GFF Corp*., 130 F.3d at 1384-85.

### III.  Analysis

Section 1681e(b) requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." A consumer may bring a private action against a consumer reporting agency (CRA) for willful and/or negligent noncompliance with these requirements. 15 U.S.C. §§ 1681n, 1681o. An agency that negligently violates § 1681e(b) is only liable for actual damages, while an agency that willfully violates § 1681e(b) may be liable for actual, statutory, or punitive damages.

To state a claim for a violation of § 1681e(b), a plaintiff must allege: 1) the CRA failed to follow reasonable procedures to assure the accuracy of its reports; 2) the report in question was, in fact, inaccurate; 3) the plaintiff suffered injury; and 4) the CRA's failure caused the plaintiff's injury. *Cassara v. DAC Servs., Inc.*, 276 F.3d 1210, 1217 (10th Cir. 2002); *Wright v. Experian Info. Sols., Inc.*, 805 F.3d 1232, 1240 (10th Cir. 2015). For a willful violation of § 1681e(b), a plaintiff must also sufficiently allege that the inaccuracy was a result of the agency's willful disregard of reasonable procedures to ensure maximum possible accuracy. *Pedro v. Equifax, Inc.,* 186 F. Supp. 3d 1364 (N.D. Ga. 2016). Chex argues that plaintiff has failed to sufficiently allege inaccuracy, a lack of reasonable procedures, willfulness, and causation. Dkt. 8 at 12.

As an initial matter, the court finds that plaintiff has sufficiently alleged injury and causation. Paragraphs 36 and 38 of the Complaint, inter alia, plainly allege the injuries plaintiff suffered – inconvenience, embarrassment, and annoyance, as well as the inability to open a checking account. With respect to causation, paragraphs 27 and 28 support an inference that Mission Bank refused to allow George to open an account based on the information contained in the Report.

With respect to accuracy, plaintiff alleged the Report was inaccurate because it showed $546.59 as seriously overdue and did not state that that amount was no longer owed.[1] Dkt. 27 at 6. Plaintiff argues that "[t]o anyone looking at this consumer report, ChexSystems has given the impression that this amount is currently owed, and is past due…" *Id.* The court disagrees. The Report did not indicate a balance due and owing. Instead, it indicated that Academy Bank reported that it charged-off $546.59 for nonsufficient funds activity on July 11, 2011. Plaintiff

---

[1] Plaintiff also alleged that the Report did not state when this trade line would be removed from the Report. This is incorrect. The Report specifically states that it is Chex's practice to retain this information for a period of five years. In other words, the trade line would be removed on or about July 12, 2016.

4

does not dispute the charge-off, the charge-off date, or the charge-off amount. He argues, however, that Chex has a legal obligation to report bankruptcy discharges and that failing to note George's 2015 bankruptcy discharge makes the Report incomplete, and thus, inaccurate.

This argument is similar to the plaintiff's argument in *Abeyta v. Bank of America*, 2016 WL 1298109 (March 31, 2016). Abeyta argued that it was false for BOA to report the debt because his legal obligations to pay the debt and BOA's legal rights to collect it were altered when he filed for Chapter 13 bankruptcy protection, *i.e.*, under the automatic stay, the confirmation plan, and eventually the discharge. The *Abeyta* court found no allegation of actual falsity had been made because:

> [T]he Bankruptcy Code prevents certain collection activities, but it does not alter the fact of delinquency . . . Congress explicitly declined via the FCRA to prevent the reporting of delinquencies as to discharged debts for seven years and bankruptcies themselves for ten. Congress has thereby chosen a balance between rescuing consumers from overwhelming debt by providing a discharge mechanism and protecting potential creditors going forward by permitting the reporting of delinquencies concerning the discharged debt, as well as the fact of bankruptcy itself, for the relevant periods.

*Id.* at *2. The court finds the above reasoning persuasive. Section 1681c(a)(1) states that consumer reporting agencies may not report "[c]ases under Title 11 or under the Bankruptcy Act that, from the date of entry of the order for relief or the date of adjudication, as the case may be, antedate the report by more than 10 years." Subsection (a)(4) states that consumer reporting agencies may not report "[a]ccounts placed for collection or charged to profit and loss which antedate the report by more than seven years." Stated in the affirmative, CRAs may report charged-off debts for up to seven years. *Todd v. Associated Credit Bureau Servs., Inc.*, 451 F. Supp. 447 (E.D. Pa. 1977), *aff'd*, 578 F.2d 1376 (3d Cir. 1978) (CRA did not violate the Act by reporting debt was charged-off, even though plaintiff eventually paid off the debt after the

5

charge-off because Act only proscribes disclosure of information antedating report by more than seven years).

Plaintiff attempts to distinguish *Abeyta* by arguing that he does not seek total removal of the derogatory information (i.e., the charge-off), but wants Chex to update (or complete) the status of the trade line with a notation that the debt was discharged in bankruptcy and the balance is zero. Plaintiff's request shows that he challenges the Report's completeness, not its accuracy. Section 1681e, however, does not specifically reference "completeness." But § 1681i does, stating:

> if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly…the agency shall . . . conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information . . . unless [it has] reasonable grounds to believe that [the dispute by the consumer] is frivolous or irrelevant.

15 U.S.C. § 1681i(a)-(c). Plaintiff has not filed a claim under § 1681i, and even had he done so, it would have failed because he did not first notify Chex of the alleged inaccuracy.

Plaintiff offers no direct authority on point, and the court found none that requires Chex to adopt a procedure to check PACER for bankruptcy discharges prior to preparing a report.[2] The court concludes the "maximum possible accuracy" standard of § 1681e does not require Chex to check PACER prior to preparing a report. The information provided in the Report is accurate and is not misleading.[3] Accordingly, plaintiff has failed to state a claim for which relief can be granted.

---

[2] The court finds the authorities cited by the plaintiff to be inapposite or factually distinguishable. None of plaintiff's authorities included a fact scenario where the plaintiff did not first contact the CRA to challenge what was claimed to be incomplete information.

[3] This conclusion renders further analysis on reasonableness and willfulness unnecessary.

**IT IS THEREFORE ORDERED** this 11th day of January, 2017, that Defendant's Motion to Dismiss (Dkt. 11) is **GRANTED**.

                                                  s/   J. Thomas Marten
                                                  Chief United States District Judge